# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George O. Thurman and<br>Elizabeth L. Thurman,<br><br>    Plaintiffs,<br><br>v.<br><br>Internal Revenue Service,<br><br>    Defendant. | No. CV 11-158-TUC-DCB-DTF<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 10.) Plaintiffs filed three responses. (Docs. 20, 23, 24.) Defendant filed a reply. (Doc. 22.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motion to dismiss with leave to amend.

## BACKGROUND

The Complaint alleges that Plaintiff George Thurman and Defendant signed an agreement in 2005. Plaintiffs allege they have satisfied their side of the bargain and Defendant has failed to do so. Further, Plaintiffs contend the Government admitted that their alleged tax liability was bogus and all Plaintiffs needed to do was to file prior year tax returns. Plaintiffs allege they have done so. Despite that, Plaintiffs allege the Internal Revenue Service (IRS) has garnished George Thurman's wages and claimed Plaintiffs owed on $1.9 million in capital gains from 2000. Plaintiffs ask that the Court order Defendant to honor its agreement and dismiss the debt; stop attacking Elizabeth Thurman as a separate

entity; and rescind the liens filed with the Pima County Recorder's Office.[1]

## DISCUSSION

Defendant argues that Plaintiffs' Complaint fails to state a claim and is subject to dismissal under Rule 12(b)(6).

**Standard for Rule 12(b)(6) Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**Analysis**

The United States, including its agencies, can only be sued to the extent it has

---

[1] As pointed out by Defendant, Plaintiffs appear to be referring to tax liens, not levies as stated in the Complaint. (*See* Doc. 1 at 4 & App. at 3.) Plaintiffs mention tax levies, however, they indicate they are no longer relevant as George Thurman left his employment to avoid the levy of his wages. The Court, therefore, discusses only the tax liens that Plaintiffs allege have been filed with the Pima County Records Office. (*Id.*)

- 2 -

expressly waived its sovereign immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003). Plaintiffs do not invoke any statute providing jurisdiction, nor do they cite any authority for the waiver of the government's sovereign immunity with respect to this suit.

  The core of the remedy sought by Plaintiffs is a request for the Court to enjoin the IRS from collecting a federal tax that they allege they do not owe. There is a statutory prohibition, with limited exceptions, against a legal suit to restrain the assessment or collection of a federal tax. 26 U.S.C. § 7421(a). If a taxpayer does not establish that he satisfies one of the exceptions, this Court does not have jurisdiction and the case must be dismissed. *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). Plaintiffs do not argue that any of the statutory exceptions are applicable and, upon its own review, the Court finds that they do no meet any of those exceptions. There is one judicial exception, allowing suit when "it is clear that under no circumstances could the Government ultimately prevail," and "equity jurisdiction otherwise exists." *Roat v. Comm., I.R.S.*, 847 F.2d 1379, 1383 (9th Cir. 1988) (quoting *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7 (1962)). Defendant addressed this exception in the motion to dismiss, arguing that Plaintiffs had not met it. In the three responses, Plaintiffs do not argue otherwise. There is no information currently before the Court demonstrating that the Government could not possibly prevail in its tax assessment as to Plaintiffs. Further, Plaintiffs have not alleged facts demonstrating that a remedy in Tax Court or in a refund suit would be inadequate. *See Roat*, 847 F.2d at 1383 (citing *Comm., I.R.S. v. Shapiro*, 424 U.S. 614, 627 (1974)). Plaintiffs have failed to plead an exception to the Anti-Injunction Act and this Court has no jurisdiction over the suit.

  Defendant addresses several other possible claims that Plaintiffs might be raising. Defendant discusses the possibility of a refund claim, but Plaintiffs clarified that they are not seeking a refund of taxes collected. (Doc. 20 at 5.) Plaintiffs do not appear to be seeking monetary damages for either the tax liens or for an unauthorized tax collection. However, the Court notes that as to either type of action, there is a two-year statute of limitations and a requirement that administrative remedies be exhausted. 26 U.S.C. §§ 7432(d)(1) & (3), 7433(d)(1) &(3). Based on the current information before the Court, a claim for damages

appears to be untimely. Further, Plaintiffs have not alleged that they exhausted administrative remedies available within the IRS.

Plaintiffs request the release of liens and Defendant argues that he fails to allege that the tax lien is unenforceable or that the tax liability has been satisfied, pursuant to 26 U.S.C. § 6325(a). More importantly, this statute provides only for the release of a lien by the Secretary of the Treasury, not for a court action. There is no accompanying waiver of sovereign immunity with respect to a suit over a lien release. To the extent Plaintiffs are seeking either injunctive relief or damages with respect to the liens, the court has no jurisdiction for the reasons discussed above for those types of claim.

Finally, the focus of Plaintiffs' factual allegations is that George Thurman reached an agreement with the IRS in 2005, in which the IRS conceded the tax debt assessed against him was bogus and that to resolve the situation he just needed to file his back tax returns. The signed agreement reflecting this meeting is a list of actions to which Thurman agreed, primarily documents he was to produce. (Doc. 1, App. at 1.) This agreement was entered into on August 22, 2005, when Thurman appeared at a hearing in this Court, set because Thurman had failed to comply with an IRS summons. *United States v. Thurman*, No. 05-MC-004-DCB, Doc. 19 (D. Az. August 22, 2005). Thurman was given until August 30, 2005, to comply with the Court's order enforcing the IRS summons. *Id.* The signed agreement upon which Thurman relies notes the date of August 30. Thus, the agreement is most readily interpreted as Thurman's agreement to provide documents in satisfaction of the summons prior to the Court's enforcement date. The IRS did not agree to take any action in the written document and there is nothing for the Court to enforce against it.

Plaintiffs fail to allege a waiver of sovereign immunity, therefore, this court lacks jurisdiction over the Complaint. Further, they fail to state a claim for relief.

**Conclusion**

Based on the above assessment, the Court should grant the motion to dismiss. However, when a court dismisses for failure to state a claim, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

1 could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v.
2 N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Because Plaintiffs are pro se and
3 it is not absolutely clear that they could not state a cause of action, the Court finds that leave
4 to amend should be allowed.

5 When dismissing with leave to amend, a court is to provide reasons for the dismissal
6 so a plaintiff can make an intelligent decision whether to file an amended complaint. *See*
7 *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir.
8 1987). The Court has advised Plaintiffs of the reasons their Complaint is being dismissed.
9 The Court emphasizes that Plaintiff must plead the basis of the Court's jurisdiction, Fed. R.
10 Civ. P. 8(a)(1), which includes identifying an express waiver of sovereign immunity by the
11 United States with respect to the suit. If Plaintiffs intend to continue their pursuit of
12 injunctive relief, they must allege an applicable exception to the Anti-Injunction Act in order
13 to establish subject matter jurisdiction.

14 An amended complaint must contain all allegations a plaintiff is asserting against the
15 defendant, as the original complaint will be superseded by an amendment and any arguments
16 not included in the amendment are waived. *See London v. Coopers & Lybrand*, 644 F.2d 811,
17 814 (9th Cir. 1981). The Court is aware that the legal issues in this case may be complex,
18 even to a lawyer; nevertheless, Plaintiffs are reminded of their obligation to comply with all
19 rules of procedure and Court orders, regardless of their pro se status. *See King v. Atiyeh*, 814
20 F.2d 565, 567 (9th Cir. 1987). Failure to do so may result in dismissal of the action. Fed. R.
21 Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). If Plaintiffs do not
22 amend their complaint in the time set by the District Court, the Court should dismiss the case
23 and enter judgment.

## RECOMMENDATION

25 Based on the foregoing, the Magistrate Judge recommends that the District Court
26 grant the motion to dismiss the complaint with leave to amend within twenty (20) days.

27 Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
28 written objections within fourteen days of being served with a copy of the Report and

1  Recommendation. If objections are not timely filed, they may be deemed waived.

2  DATED this 21st day of March, 2012.

*D. Thomas Ferraro*
United States Magistrate Judge