1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

George O. Thurman and Elizabeth Thurman, )
husband and wife, )          CV 11-158  TUC DCB
 )
                    Plaintiff, )
 )          **ORDER**
v. )
 )
Internal Revenue Service, )
 )
                    Defendant. )
_____ )

On March 21, 2012, the Honorable D. Thomas Ferraro, United States Magistrate Judge, filed a Report and Recommendation ("R&R") in this action.  The R&R advised the Court to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction or, alternatively, to dismiss the Complaint for failure to state a claim, with leave to amend.  The Court considers the R&R as to dismissal for lack of subject matter jurisdiction to be thorough and well-reasoned. The United States and its agencies can only be sued to the extent the Government has expressly waived its sovereign immunity.  *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1107, 1117 (9th Cir. 2003).  With very limited exceptions, a legal suit to restrain the assessment or collection of a federal tax is expressly precluded by statute, 26 U.S.C. § 7421(a).  "If a taxpayer does not establish that he satisfies one of the exceptions, this Court does not have jurisdiction and the case must be dismissed."  (R&R at 3 (citing *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987)).

The Magistrate Judge found that Plaintiffs did not argue and did not assert any facts to which any statutory exception applies.  The Magistrate Judge also considered the one judicial exception, which allows suit when "it is clear that under no circumstances could the Government ultimately prevail," and "equity jurisdiction otherwise exists."  *Id.* (quoting *Enoghs*

1  *v. Williams Packing Co.*, 370 U.S. 1, 7 (1962).  On the record before the Magistrate Judge, there

2  was no information nor evidence to suggest this exception applies in this case.

3       After a *de novo* review of the record and the Complaint, the Court adopts the

4  recommendation of the Magistrate Judge to dismiss the Complaint for lack of jurisdiction, with

5  leave to amend.

6                                **STANDARD OF REVIEW**

7       The duties of the district court in connection with a R&R by a Magistrate Judge are

8  set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The

9  district court may "accept, reject, or modify, in whole or in part, the findings or

10 recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).

11 Where the parties object to a Report and Recommendation, "[a] judge of the [district] court

12 shall make a *de novo* determination of those portions of the [R&R] to which objection is

13 made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no

14 objections are filed, the district court need not review the R&R *de novo*."'[a] judge of the

15 [district] court shall make a *de novo* determination of those portions of the [R&R] to which

16 objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. §

17 636(b)(1)).

18      This Court's ruling is a *de novo* determination as to those portions of the R&R to

19 which there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000

20 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003)

21 (*en banc*).  To the extent that no objection has been made, arguments to the contrary have

22 been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they

23 are not filed within fourteen days of service of the Report and Recommendation), *see also*

24 *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's

25 report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72

26 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no

27

28

timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections.  *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Plaintiffs, the Government's Response, and the parties' briefs considered by the Magistrate Judge.

**OBJECTIONS**

On April 2, 2012, Plaintiffs filed objections to the R&R in a document captioned: "Memorandum Against USDC Motion to Dismiss 21 Mr '12."  Plaintiffs appear to understand that this is a court of limited jurisdiction and is expressly without jurisdiction to enjoin the IRS from collecting a federal tax, except in the most limited circumstances.  The Magistrate Judge explained why it appeared that no statutory exception applied in this case. (R&R at 3-4.)  Plaintiffs assert in their objection that after they made required tax filings in 2005, the IRS never acknowledged the filings, never requested an audit, nor ever rejected the filings.  While there is no jurisdiction in this Court for Plaintiffs to challenge the amount of the assessment against them, they are permitted to raise procedural challenges, including any procedural irregularities which may have precluded Plaintiffs from securing review in the Tax Court of the amount of tax liability assessed them by the Defendants.  *Guthrie v. Sawyer*, 970 F.2d 733 (10th Cir. 1992), *Robinson v. United States*, 920 F.2d 1157 (3rd Cir. 1991), *Elias v. Connett*, 908 F.2d 521 (9th Cir. 1990), *Koff v. United States*, 3 F.3d 1297 (9th Cir. 1993).

The Court notes that the record in this case is surprisingly devoid of any documentation regarding the IRS action(s) challenged by the Plaintiffs, except for the Government's assertion that Plaintiffs currently have outstanding income tax liabilities for the 1997 and 1998 tax years, and Plaintiff George Thurman has outstanding income tax

- 3 -

liabilities for the 1999 and 2000 tax years, as well as civil penalties for frivolous tax returns for the 1998, 1998 (sic) and 2000 tax years.  (Doc. 11: Motion to Dismiss at 2.)   In Plaintiffs objections to the R&R, they assert the Government falsely stated in its memorandum to the Court, dated October 3, 2011, that the Plaintiff had tax liabilities from 1997 through 2000. Plaintiffs may amend the Complaint if they can allege facts to clearly show that under no circumstances could the Government ultimately prevail on these claims of outstanding income tax liabilities, but Plaintiffs should note collecting officers need to only make a minimal showing of a good faith assessment and assert the tax claim is valid. *Enoghs*, 370 U.S. at 1129.

In deciding whether or not to amend the Complaint, the Plaintiff must also state claims within the two-year statute of limitation period.  (R&R at 3.)  The Court reviewed the original Complaint and finds the latest date alleged therein is 2005, when Plaintiffs allege Mr. Thurman met with the IRS "in the Court meeting room August 2005."  Plaintiffs allege that Mr. Thurman agreed to provide various documents to the IRS to get Plaintiffs back on track to paying taxes in exchange for the IRS' agreement that the debt was bogus.  Plaintiffs allege they provided the requested documents within the next six months.  These allegations to not place this cause of action within the two-year limitation period.[1]

A taxpayer must bring suit within two years from the date the action accrues.  26 U.S.C. § 7433(d)(3).  A cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.  Plaintiffs amended complaint must allege facts showing that a cause of action accrued within two years prior to when he filed this case: March 16, 2011.

---

[1]This case is not a continuance of the judicial enforcement proceeding which brought Plaintiff George Thurman before this Court in 2005, pursuant to a petition to enforce an IRS summons.  28 U.S.C. § 7402(b), 28 U.S.C. § 7604(a).  After Plaintiff Thurman appeared and complied with the IRS summons, the Government filed a notice of compliance and motion to dismiss, which was granted on September 12, 2005.

1

**CONCLUSION**

2

3

After *de novo* review of the issues raised in Plaintiffs' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Motion to Dismiss.  The Court adopts the R&R, and for the reasons stated in the R&R, the Court grants the Defendant's Motion to Dismiss, with leave for Plaintiffs to file an Amended Complaint.

4

5

6

7

**Accordingly,**

8

9

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 25) is accepted and adopted as the findings of fact and conclusions of law of this Court.

10

11

12

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is GRANTED.

13

14

**IT IS FURTHER ORDERED** that Plaintiffs have leave to file an Amended Complaint by May 21, 2012.

15

16

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT.  The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant.  THE AMENDED COMPLAINT MUST BE RETYPED[2] OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(c).

17

18

19

20

21

22

23

24

25

26

27

[2]Plaintiff is advised to type the Amended Complaint because her handwriting is difficult to read and there were instances where the Court could not read certain words contained in the Complaint.

28

1   **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all

2   claims and to close this case, without further notice to Plaintiffs, if Plaintiffs fail to file the

3   Amended Complaint by May 21, 2012.

4   **IT IS FURTHER ORDERED** that in the event Plaintiffs proceed with this action,

5   they  must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for

6   the U.S. District Court of Arizona (local rules).[3]  Plaintiffs are instructed to take special

7   notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i)

8   which provides that failure to file a timely response, or any other such non-compliance,

9   "may be deemed a consent to the denial or granting of the motion and the Court may dispose

10  of the motion summarily."

11  **IT IS FURTHER ORDERED** that in the event Plaintiffs proceed with this action,

12  they must comply with the rules of service.  Fed. R. Civ. P. 4-6.  Plaintiffs shall serve upon

13  Defendants or upon their counsel, a copy of every further pleading submitted to the Court.

14  Plaintiffs shall include a certificate stating the date a true and correct copy of any document

15  was mailed to Defendant's counsel.  The Court will disregard any document which has not

16  been filed with the Clerk or which fails to include a Certificate of Service.

17  **IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte*

18  communications with this Court, including telephone calls and letters.

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25

26  [3]The Local Rules of Practice for the United States District Court, District of Arizona, may

27  be obtained at the Pima County Law Library or accessed on the Court's website: www.azd.uscourts.gov.

28

1

    **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge

2  D. Thomas Ferraro for all pretrial proceedings and Report and Recommendation in

3  accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the

4  United States District Court, District of Arizona (Local Rules), Rules (Civil) 72.1.

5

    DATED this 30th day of April, 2012.

6

7

                                                    David C. Bury
8                                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28