# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George O. Thurman and Elizabeth L. Thurman, | ) ) ) |
| Plaintiffs, | ) )   No. CV 11-158-TUC-DCB-DTF |
| v. | ) ) )   **REPORT AND RECOMMENDATION** |
| Internal Revenue Service, | ) ) |
| Defendant. | ) |

Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 32.) Plaintiffs have not responded. Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motion to dismiss.

## BACKGROUND

Plaintiffs filed a complaint on March 16, 2011, alleging that the United States violated an agreement between them and the government should be precluded from collecting on an alleged tax debt. (Doc. 1.) The complaint was dismissed with leave to amend because it failed to allege a waiver of sovereign immunity, thus, the Court did not have subject matter jurisdiction. (Docs. 25, 29.) Further, the Court noted that the facts alleged were outside the applicable two-year statute of limitations. Plaintiffs were allowed until May 21, 2012, to file an amended complaint correcting these problems. On May 11, 2012, Plaintiffs filed a document captioned "Reply to Bury Order Dated 30 April 2012." (Doc. 30.) On May 14,

1 2012, Plaintiffs filed a revised version of that document, which they noted superseded the
2 prior filing, and this document was captioned in part, "Amended Complaint." (Doc. 31.) This
3 document states that Plaintiffs do not know how to address subject matter jurisdiction and
4 they are at the mercy of the Court. The document goes on to reiterate the factual allegations
5 that form the basis of their action against Defendant. Defendant filed a motion to dismiss the
6 Amended Complaint and Plaintiffs have not responded to that motion.

## DISCUSSION

8 Defendant argues that Plaintiffs' Amended Complaint is not in compliance with
9 Federal Rule of Civil Procedure 8(a) or the Court's order, and it fails to allege a basis for the
10 Court's jurisdiction.

11 In the prior Report and Recommendation, which was adopted by the District Judge
12 (Doc. 29), the Court told Plaintiffs that they had to plead the basis of the Court's jurisdiction,
13 including a waiver of sovereign immunity. (Doc. 25 at 5.) Plaintiffs were also warned that
14 failure to comply with all rules of procedure could result in dismissal. Federal Rule of Civil
15 Procedure 8(a) requires that a plaintiff set forth a statement of the court's jurisdiction, the
16 claim entitling the person to relief, and a demand for the relief sought. Plaintiffs' Amended
17 Complaint satisfies only the second requirement. It does not contain a statement of
18 jurisdiction nor a demand for relief. Because Plaintiffs failed to plead jurisdiction in the
19 Amended Complaint, it is subject to dismissal for lack of jurisdiction and failure to comply
20 with the Court's order and Federal Rule of Civil Procedure 8.

21 Plaintiffs have failed to cure the jurisdictional defect for which the original complaint
22 was dismissed. The United States, including its agencies, can only be sued to the extent it has
23 expressly waived its sovereign immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117
24 (9th Cir. 2003). Plaintiffs do not invoke any statute providing jurisdiction, nor do they cite
25 any authority for the waiver of the government's sovereign immunity with respect to this suit.

26 Further, the Court informed Plaintiffs that there was a two-year statute of limitations
27 for refund claims and monetary damages. (Doc. 25 at 3; Doc. 29 at 4.) In the Amended
28 Complaint, Plaintiffs do not allege any facts within the limitations period and essentially

concede that they are outside the statutory limitation for such an action. (Doc. 31 at 4.)

Finally, failure to respond to a motion to dismiss can be deemed consent to the granting of the motion. LRCiv 7.2(i). For all of these reasons, the Amended Complaint should be dismissed.

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court grant the Motion to Dismiss the Amended Complaint (Doc. 32).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 11th day of July, 2012.

D. Thomas Ferraro
United States Magistrate Judge