1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

8

9

10

11

12

13

| | | |
|---|---|---|
| George O. Thurman and Elizabeth Thurman, husband and wife, | ) ) ) | CV 11-158   TUC DCB |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **ORDER** |
| Internal Revenue Service, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

14

15

16

Plaintiffs filed their Complaint on March 16, 2011, which this Court dismissed on May 2, 2012, with leave to amend.  The Plaintiffs filed an Amended Complaint on May 14, 2012, which must be dismissed for the same reasons the original Complaint was dismissed.

17

18

19

20

21

On July 11, 2012, the Honorable D. Thomas Ferraro, United States Magistrate Judge, filed a Report and Recommendation ("R&R"), which advises the Court to dismiss the Amended Complaint for lack of subject matter jurisdiction and because it is barred by a two-year statute of limitation.  On August 2, 2012, the Plaintiffs filed their objections by "Reply to DTF's R&R Dated 11 July 2012."

22

23

24

25

26

27

As this Court previously explained, it is a Court of limited jurisdiction, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and "with very limited exceptions, a legal suit to restrain the assessment or collection of a federal tax is expressly precluded by statute, 26 U.S.C. § 7421(a)." (Doc. 29: Order at 3.)  Plaintiffs' Reply to the R&R makes it clear that Plaintiffs challenge the IRS' assertion they received over $3 million dollars in capital gains during the 1998 and 1999 tax years.  (Doc. 36: Reply to DTF's R&R at3.)

28

As previously explained there is a two-year statute of limitation period, which precludes claims from being raised two years after the cause of action accrues.  (Doc. 29: Order at 4 (citing 26 U.S.C. § 7433(d)(3)).  "A cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.  Plaintiffs amended complaint must allege facts showing that a cause of action accrued within two years prior to when he filed this case: March 16, 2011."  In the Amended Complaint and the Reply, Plaintiffs allege that in 2006 they complied with an IRS demand made in 2005 to file 1040s from 1995 forward.  It is from these filings that the IRS derived the $3 million tax liability owed by Plaintiffs, but Plaintiffs again fail to establish the year the tax liability was assessed against them.

Because there is no jurisdiction in this Court for Plaintiffs to challenge the amount of the assessment against them, further amendment to clarify the date of the tax assessment would be futile.

The Court has reviewed *de novo* those portions of the R&R to which Plaintiffs objected. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  As to those portions of the R&R were no objection is raised, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation.  *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).

## CONCLUSION

After *de novo* review of the issues raised in Plaintiffs' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Motion to Dismiss.  There is no clear error on the face of the record.

/////

/////

1  The Court adopts the R&R, and for the reasons stated in the R&R, the Court grants the
2  Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

3  **Accordingly,**

4  **IT IS ORDERED** that after a full and independent review of the record, in respect to
5  the Plaintiffs' objections, the Magistrate Judge's Report and Recommendation (Doc. 33) is
6  accepted and adopted as the findings of fact and conclusions of law of this Court.

7  **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 32) is
8  GRANTED.

9  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
10  accordingly.

11  DATED this 21st day of August, 2012.

David C. Bury
United States District Judge

- 3 -